# CASE SUMMARY
## CASE NO. 16-06225-16

| | | |
|---|---|---|
| Keri Ann Mankin | § | Location: **16th Judicial District Court** |
| V | § | Judicial Officer: **Shipman, Sherry** |
| The Prudential Insurance Company of America | § | Filed on: **08/05/2016** |
| | § | |

---

### CASE INFORMATION

Case Type: **Other Civil**

Case Status: **08/05/2016   Active**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 16-06225-16 |
| Court | 16th Judicial District Court |
| Date Assigned | 08/05/2016 |
| Judicial Officer | Shipman, Sherry |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Mankin, Keri Ann** | **Durand, Daniel C, III** |
| | | *Retained* |
| | | 972-221-9569(F) |
| | | 972-221-5655(W) |
| | | |
| **Defendant** | **Prudential Insurance Company of America** | |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

| 08/05/2016 | Plaintiff's Original Petition |
|---|---|
| | *for Temporary Restraining Order, Injunction and Damages* |
| 08/08/2016 | Certificate of Cash in Lieu of Bond |
| | *for Restraining Order &/or Injunction* |
| 08/08/2016 | Order (Judicial Officer: Shipman, Sherry ) |
| 08/08/2016 | Record/Copy Request |
| 08/09/2016 | Request for Issuance of |
| | *Citation, Show Cause and TRO* |
| | Made by:  Plaintiff  Mankin, Keri Ann |

08/09/2016   **Citation**

   Prudential Insurance Company of America
   Served: 08/10/2016
   Return Date/Time: 08/18/2016
   *eserved in 12080227*

08/09/2016   **Show Cause**

   Prudential Insurance Company of America
   Served: 08/10/2016
   Return Date/Time: 08/18/2016
   *eserved in 12080227*

08/09/2016   **Temporary Restraining Order**

   Prudential Insurance Company of America
   Served: 08/10/2016



**EXHIBIT B**   *Printed on 09/08/2016 at 8:08 AM*

# CASE SUMMARY
## CASE NO. 16-06225-16

| | |
|---|---|
| | Return Date/Time: 08/18/2016<br>*eserved in 12080227* |
| 08/18/2016 | 🗋 Service Returned<br>*Citation, Show Cause Notice, and Temporary Restraining Order for Prudential Insurance Companies of America* |
| 08/22/2016 | 🗋 Order (Judicial Officer: Shipman, Sherry ) |
| 10/14/2016 | **Hearing** (1:30 PM) (Judicial Officer: Shipman, Sherry)<br>*Permanent Injunction.* |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Plaintiff** Mankin, Keri Ann
Total Charges 306.00
Total Payments and Credits 306.00
**Balance Due as of 9/8/2016** **0.00**

| 08/08/2016 | Charge | Plaintiff Mankin, Keri Ann | 282.00 |
|---|---|---|---|
| 08/08/2016 | TexFile Payment Receipt # 2016-20660 | Plaintiff Mankin, Keri Ann | (282.00) |
| 08/09/2016 | Charge | Plaintiff Mankin, Keri Ann | 24.00 |
| 08/09/2016 | TexFile Payment Receipt # 2016-20926 | Plaintiff Mankin, Keri Ann | (24.00) |

**Plaintiff** Mankin, Keri Ann
Cash Bond Balance as of 9/8/2016 **100.00**

Bond Deposit 100.00

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
9-8-16 Date By: Deputy Clerk

FILED: 8/5/2016 4:04:07 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

16-06225-16

NO. _____

| | | |
|---|---|---|
| KERI ANN MANKIN,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | _____. _____. JUDICIAL DISTRICT |
| THE PRUDENTIAL INSURANCE<br>OF AMERICA,<br>Defendant | §<br>§ | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR
## TEMPORARY RESTRAINING ORDER, INJUNCTION AND DAMAGES

TO THE HONORABLE COURT:

Keri A. Mankin, Plaintiff, complains of The Prudential Insurance Company of America,

Defendant, and for cause of action shows:

### I.

1.      Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil

Procedure.

2.      Plaintiff is an individual resident of Texas, residing at 1402 North Valley

Parkway, #1203, Lewisville, Texas 75077.

3.      Defendant is a life insurance company duly authorized to engage in the insurance

business in Texas.  Citation may be served on Defendant's designated agent for

service of process at CT Corporation Systems, 1999 Bryan Street, Suite 900,

Dallas, Texas 75201-3136.

**II.**

4.     The Plaintiff is the former spouse of decedent, Marshall W. Mankin, after 23 years of marriage. There were no children born of this marriage. A Final Decree of Divorce was entered on March 26, 2015 in Cause No. 14-06489-393 in Denton County, 393rd Judicial District Court. See attached Exhibit C. Decedent died on March 12, 2016.

5.     By virtue of his employment at the City of Coppell and Flower Mound, Decedent had a Prudential Group Life Insurance Policy, Control No. 6-8033, with a face value of $160,624.00 that was payable to Plaintiff prior to their divorce. Plaintiff has evidence that the Decedent intended to maintain her as the designated beneficiary by virtue of the attached email dated August 17, 2015. See attached Exhibit A and B.

**III.**

The Defendant has refused to honor that expressed intention in reliance on the Decedent's failure to re-designate her after the divorce under Texas Family Code 9.301. See attached Exhibits D and E.

**IV.**

The Defendant has threatened irreparable harm to the Plaintiff's property and rights by failing to pay her claim and threatening to distribute said proceeds to the Decedent's parents by August 10, 2016 unless retained by a Court of law.

**V.**

The Defendant's conduct is without right or entitlement in that it does not treat the statute

as merely a rebuttable presumption that the Decedent's parents should be the beneficiaries that can be overcome by evidence of Decedent's intention to the contrary that Plaintiff should be the beneficiary.  See State Farm Life Ins. Co. v. Davis, 2008 WL 2326323 (D. Alaska 2008) (preponderance of evidence) and Allstate Life Ins. Co. v. Hanson, 200 F. Supp. 2nd 1012 (E.D. Wis. 2002) (Decedent merely had to perform some small affirmative act indicating his intent including informal acts).  See attached Exhibit A.

## VI.

The Plaintiff has and will continue to be damaged and injured by the Defendant's conduct by not paying said proceeds to Plaintiff.

## VII.

For the reasons stated in this pleading, the Plaintiff requests that, after trial, this Court permanently enjoin the Defendant from paying the policy proceeds to anyone other than Plaintiff.

## VIII.

Defendant has said it will disburse funds to Decedent's parents on or after August 10, 2016 unless restrained by a Court of law.  See attached Exhibit D. Time is of the essence.  A temporary restraining order should be immediately issued without notice and a temporary injunction hearing set in the next fourteen (14) days so all parties can have an evidentiary hearing.

## IX.

In order to preserve the status quo and the property and rights of the Plaintiff during the

pendency of this action, Defendant should be cited to appear and show cause why it should not

be temporarily restrained, during the pendency of this action, from distributing said proceeds to

the Decedent's parents.

## PRAYER FOR RELIEF

For these reasons, Plaintiff requests that:

1.  A temporary restraining order be issued without notice to Defendant, restraining Defendant, its agents, servants, and employees, from directly or indirectly transferring or dispersing the proceeds of the insurance policy to anyone other than Plaintiff until further order by this Court.

2.  A temporary injunction be issued, after notice to Defendant and an evidentiary hearing, restraining Defendant, its agents, servants, and employees, directly or indirectly from transferring or dispersing the proceeds of the insurance policy to anyone other than Plaintiff until further order by this Court.

3.  A permanent injunction be issued, on final trial of this cause, enjoining Defendant, its agents, servants, and employees, from directly or indirectly transferring or dispersing the proceeds of the insurance policy to anyone other than Plaintiff until further order by this Court.

4.  Costs of suit including reasonable attorney's fees.

5.  Such other and further relief to which Plaintiff may be justly entitled, including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as allowed by law.

Respectfully submitted,

Durand & Associates, P.C.

By: _____

Daniel C. Durand, III
Texas Bar No. 06287570
522 South Edmonds Lane, Suite 101
Lewisville, Texas  75067
Tel. (972)221-5655
Fax. (972)221-5655
Attorney for Plaintiff

STATE OF TEXAS          §
                        §
COUNTY OF DENTON        §

BEFORE ME, the undersigned Notary Public, on this day personally appeared KERI ANN MANKIN, who, after being duly sworn, stated under oath that she is the Plaintiff in this action; that KERI ANN MANKIN has read the above petition; and that every statement contained the petition is within her personal knowledge and is true and correct.

_____

KERI ANN MANKIN

SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of August, 2016, to certify which witness my hand and official seal.

DIANA THERESA LEGGETT
Notary Public, State of Texas
My Commission Expires
October 26, 2019

_____

Diana Theresa Leggett
Notary Public in and for the
State of Texas
My commission expires

_____, _____

**Keri Mankin**

| | |
|---|---|
| **From:** | keri <keriann2@verizon.net> |
| **Sent:** | Tuesday, April 26, 2016 6:11 PM |
| **To:** | Keri Mankin |
| **Subject:** | Fwd: Re: Retirement and life ins |

-------- Forwarded Message --------
Subject:Re: Retirement and life ins
   Date:Sun, 17 Aug 2014 12:32:50 -0700
  From:wayne makin <stinkinpoots@yahoo.com>
     To:keriann2@verizon.net <keriann2@verizon.net>

You take after your mom. No worries there. Unless you don't go to the doctor like she doesn't

Sent from Yahoo Mail on Android

**From:** keriann2@verizon.net <keriann2@verizon.net>;
**To:** <stinkinpoots@yahoo.com>;
**Subject:** Re: Retirement and life ins
**Sent:** Sun, Aug 17, 2014 7:31:24 PM

Please, you'll probably outlive me anyway.  I'll be lucky to see 50 if I take after my dad.  7 more years, woot!

Sent from my Verizon 4G LTE Smartphone

------ Original message------
**From:** wayne makin
**Date:** Sun, Aug 17, 2014 2:25 PM
**To:** keriann2@verizon.net;
**Subject:**Re: Retirement and life ins

I think that's a really good idea. You deserve what i have when something happens to me

Sent from Yahoo Mail on Android

**From:** keriann2@verizon.net <keriann2@verizon.net>;
**To:** stinkinpoots@yahoo.com <stinkinpoots@yahoo.com>;
**Subject:** Retirement and life ins
**Sent:** Sun, Aug 17, 2014 7:18:11 PM

I would like to propose that we each keep the other as beneficiaries on our life insurance and retirement policies.  It would benefit both of us in the event something should happen to the other.  I think after half our lives together, the survivor deserves it.

Just let me know what you think.

Sent from my Verizon 4G LTE Smartphone

EXHIBIT___A

1

NO. _____

| | | |
|---|---|---|
| **KERI ANN MANKIN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **THE PRUDENTIAL INSURANCE** | § | |
| **OF AMERICA,** | | |
| **Defendant** | | **DENTON COUNTY, TEXAS** |

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DENTON** | § |

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PETITION, TEMPORARY RESTRAINING ORDER AND INJUNCTION

KERI ANN MANKIN, Plaintiff, being first duly sworn, deposes and states under oath the following:

1.   I am the Plaintiff in the above styled and numbered case.

2.   The attached statement is my position and statement of facts based upon my personal knowledge and belief and is incorporated herein for purposes of this Affidavit are true and correct.

3.   Further Affiant sayeth naught.

_____
KERI ANN MANKIN, Affiant

SWORN TO AND SUBSCRIBED in my presence by KERI ANN MANKIN this _____ day of August, 2016.

_____
Notary Public in and for the state of Texas

**EXHIBIT  B**

To Whom It May Concern,

Regarding Marshall Wayne Mankin
TMRS Retirement and Prudential Life Insurance Accounts:

I felt the need to add this letter to my case for dispute as I think the human and personal side to things can get lost in the minutia sometimes. While I can somewhat understand the meaning of divorce as an end, it is not an end to a relationship, only to a marriage – and it does not always mean it ended in a hateful, spiteful war zone. Our history began when I was 18 and he was 20, by the time I was 21 and he was 23, we were coupled together and he was raising my one year old as his own. He was by my side in 1998 when I was diagnosed with a brain tumor, which is not an easy thing for anyone much less a young couple; and again in 2003 when I was diagnosed with Crohn's disease. We had a blissful 22 years – as anyone, family or friends, would readily agree. When Wayne turned 45, he hit a mid-life crisis and had great difficulties in dealing with his inner turmoil. He did things completely out of his character, and at times was even very cruel to me. We had our fights, as couples do. I never wanted a divorce, but in the end, I needed to find my dignity and regain my self-respect. We had a reasonably amicable divorce with no attorneys involved, but it was extremely painful and we lost everything. We had to file bankruptcy and sell our home of 12 years. We had to split up our 13 animals we had rescued over the years – something that was our passion and caused great heartbreak for the both of us. One thing we agreed on from the onset was to keep each other as beneficiaries on our retirement and insurance policies. We had spent more than half our lives together and wanted to know the other would be taken care of in the event of one of our demise. He particularly wanted to ensure I would be okay regarding my ongoing medical needs, expenses, and lifelong medications. Had either of us known our divorce would invalidate our designations, we certainly would've corrected our oversight, but that's not something that can be remedied after the fact. We are not wise in the world of law but we do have common sense – to us, once we designated a beneficiary, it was legal and binding - period. A policyholder has the right to choose a beneficiary regardless of relationship; if it is not changed it is because that is their expressed desire. Why name someone specifically if a company, or anyone for that matter, can decide to invalidate or go against the policyholder's request? It seems to deem the policyholder incapable of decision making and treats the chosen as if they had predeceased the owner of the policy. I see neither justice nor reasoning in that; much less ethics. Had we wanted to re-designate another party, we could – which was our interpretation of the statement in the divorce decree giving each 100% control over our own retirement and insurance accounts. Meaning to us, with Texas being a community property state, we would each have the option of changing our beneficiaries and other portions of our policies without the permission of the other party. Since it was our intent to see to it the other was taken care of (as neither of us remarried and there were no children other than my daughter, whom he raised for 23 years) we left the beneficiary designations as originally listed. Had the tables been turned, I would hate to know he were going through this trouble to gain access to what we had expressly wished for the survivor to have. Not every divorce ends in hate but unfortunately, sometimes a marriage cannot survive no matter the amount of love. I loved him even through the bad and I will love him until my last breath. I grieved for him when he began his crisis, I grieved him when he moved out and our marriage officially ended. And I am grieving him again in this final tragic loss. Please understand our intentions and do not punish me because we were not privy to certain little known (and well hidden) rules and regulations, especially given that we cannot correct our errors now. Because we could not afford an attorney to oversee our divorce proceedings, I am now very aware of the mistakes and oversights in the

entire process, again, things we cannot change after the fact. It's an extremely harsh lesson to learn and one I will certainly never forget. I would not be "taking" this money from anyone. There is no other spouse, there are no other children. I'm simply a fairly recent ex-wife, who honestly feels more like a grieving widow, who is pleading for the right thing to be done. This was a life built together over 23 years, divorce may have ended the prospect of a future together but it does not negate the past lifetime made. Nor does it change our mutual desire to see the survivor was taken care of in the event of one of our passing. It simply meant we could not live together anymore. Please grant me as valid beneficiary to the estate of Marshall Wayne Mankin, per his wishes; he wanted to know I would be taken care of if he left this world before me. I know law is open to interpretation and therefore each case should be considered with the personal story behind the events leading to this point in time. I appreciate your time and consideration to my case.

Very Respectfully,

Keri Ann Mankin

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

Cause Number: _14-06489-393_

**FILED**
**2015 MAR 25 AM 9:25**
SHERRI ADELSTEIN
DISTRICT CLERK DENTON CO. TX
BY _____ DEPUTY

IN THE MATTER OF THE MARRIAGE OF

Petitioner: _Keri Ann Mankin_
Print first, middle and last name of the spouse filing for divorce.

And

Respondent: _Marshall Wayne Mankin_
Print first, middle and last name of other spouse.

In the _393rd_ DISTRICT
(Court Number)
☒ District Court
☐ County Court at Law
_Denton_ County, Texas

# Final Decree of Divorce

A hearing took place on _3/25/2015_
Date

There was no jury. Neither the husband nor wife asked for a jury.

## 1. Appearances

*Petitioner*

The Petitioner's name is: _Keri_ _Ann_ _Mankin_
First     Middle     Last

The Petitioner is the: (Check one box.) ☐ Husband. ☒ Wife.

(Check one box.)
☐ The Petitioner **was present**, representing him/herself, and announced ready for trial.
☒ The Petitioner **was present**, representing him/herself, and agreed to the terms of this Final Decree of Divorce (called "Decree throughout this document).
☐ The Petitioner **was not present** but has signed on page 8 agreeing to the terms of this Decree.

*Respondent*

The Respondent's name is: _Marshall_ _Wayne_ _Mankin_
First     Middle     Last

The Respondent is the: (Check one box.) ☒ Husband. ☐ Wife.

(Check one box.)
☐ The Respondent **was present**, representing him/herself, and announced ready for trial.
☐ The Respondent **was present**, representing him/herself, and agreed to the terms of this Decree.
☒ The Respondent was **not present**, but filed an Answer or Waiver of Service and has signed on page 8 agreeing to the terms of this Decree.
☐ The Respondent was **not present**, but filed a Global Waiver that waived Respondent's right to notice of this hearing and did not otherwise appear.
☐ The Respondent was **not present**, but was served and has defaulted. The Petitioner has filed a Certificate of Last Known Address and a Military Status Affidavit.

## 2. Record (The Court fills out this section.)

☐ A Court reporter recorded today's hearing.
☒ A Court reporter did not record today's hearing because the parties agreed not to make a record.
☐ A Statement of the Evidence was signed by the Court.

**EXHIBIT** _C_

© TexasLawHelp.org, *Final Decree of Divorce – SET A*, July 2014

Page 1 of 8

### 3. Jurisdiction

The Court heard evidence and finds that it has jurisdiction over this case and the parties, that the residency and notice requirements have been met, and the *Petition for Divorce* meets all legal requirements. The Court futher finds that: *(Check one box.)*

☒ it has been at least 60 days since the *Petition for Divorce* was filed.

☐ the 60 day waiting period is not required because: *(Check one box.)*

    ☐ Petitioner has an active Protective Order under Title 4 of the Texas Family Code, or an active magistrate's order for emergency protection under Article 17.292 of the Texas Code of Criminal Procedure against Respondent because Respondent committed family violence during the marriage.

    ☐ Respondent has a final conviction or has received deferred adjudication for a crime involving family violence against Petitioner or a member of Petitioner's household.

### 4. Divorce

IT IS ORDERED that the Petitioner and the Respondent are divorced.

### 5. Children

#### 5a. No Children Together

The Court finds that the Husband and Wife **do not** have any biological or adopted children together, who are under 18 years old **or** over 18 years old and still in high school.

#### 5b. Wife Not Pregnant

The Court finds that the Wife **is not** pregnant.

#### 5c. Did the Wife have a Child with Another Man while Married to the Husband?

*(Check one box.)*

☒ The Court finds that the Wife **did not** have children with another man while married to the Husband.

☐ The Court finds that the Wife **did** have a child/children with another man while married to the Husband. All of the children born during the marriage that are not the husband's adopted or biological children are named below:

| | Child's name | Sex | Date of Birth |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

*If the Wife had a child with another man while married to the husband,* check one box below and attach copy of court order or Acknowledgement and Denial of Paternity for *each* child.

The Court further finds that paternity of each child listed above has been established,

☐ A court order has established that another man is the biological father and/or the Husband is not the biological father of the child/ren listed above. A copy of the court order is attached to this Decree as Exhibit ___.

☐ An *Acknowledgement of Paternity* was signed by the biological father **and** a *Denial of Paternity* was signed by the Husband for the child/ren listed above. A copy of each *Acknowledgment* and *Denial of Paternity* is attached to this Decree as Exhibit(s) _____.

**6.  Property and Debt**   *(Fill in all lines.  If there is no property to declare in a particular category, write "none".)*

The Court finds that the following is a just and right division of the parties' property and debt.

**6A. *Husband's Separate Property***

The Court confirms that the Husband owns the following property as his separate property:

1.  **House or Land** located at: _____

                              *Street Address*         *City*         *State*     *Zip*

    ☐ Husband owned this property before marriage.

    ☐ Husband received this property as a gift or inheritance.

2.  **Cars, trucks, motorcycles or other vehicles**  Husband owned these vehicles *before* marriage or received them as a gift or inheritance during the marriage:

| Year | Make | Model | Vehicle Identification No. [VIN] |
|------|------|-------|----------------------------------|
|      |      |       |                                  |
|      |      |       |                                  |
|      |      |       |                                  |

3.  **Other Money or Property Confirmed as Husband's Separate Property**

    Husband owned the following money or personal property *before* the marriage: _____

    _____

    Husband inherited or received as a gift the following money or personal property *during* the marriage:

    _____

    Husband received the following money recovery for personal injuries that occurred during the marriage that is not for lost wages or medical expenses: _____

**6B. *Husband's Community Property***

The Court ORDERS that the Husband is awarded the following community property as his sole and separate property and Wife is divested of *(loses)* all right, title, interest and claim in and to that property. Wife is ORDERED to sign any deeds or documents needed to transfer any property listed below to the Husband.  Husband is responsible for preparing the documents.

1.  All property in Husband's care, custody or control, or in Husband's name, that this Decree does not give to the Wife.

2.  House or land located at: _____

                               *Street Address*         *City*         *State*     *Zip*

    Legal Description: _____

    _____

3.  All cash and money in any bank or other financial institution listed in Husband's name alone.

4.  Any insurance policy that covers Husband's life.

5.  Husband's cars, trucks, motorcycles or other vehicles listed below:

| Year | Make | Model | Vehicle Identification No. [VIN] |
|------|------|-------|----------------------------------|
| 2010 | Honda | 4D Civic | 2NGFA1F9XAH531448 |
|      |      |       |                                  |

6.  Husband will also keep the following property: _____

    _____

    _____



### 6C. _Wife's Separate Property_

The Court confirms that Wife owns the following property as her separate property:

1. **House or Land** located at: _____

               _Street Address_      _City_      _State_      _Zip_

   ☐ Wife owned this property before marriage.
   ☐ Wife received this property as a gift or inheritance.

2. **Cars, trucks, motorcycles or other vehicles** Wife owned these vehicles _before_ marriage or received them as a gift or inheritance during the marriage:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|----------------------------------|
   |      |      |       |                                  |
   |      |      |       |                                  |

3. **Other Money or Property Confirmed as Wife's Separate Property**

   Wife owned the following money or personal property _before_ the marriage: _____

   _____

   Wife inherited or received as a gift the following money or personal property _during_ the marriage:

   _____

   Wife received the following money recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses: _____

   _____

### 6D. _Wife's Community Property_

The Court ORDERS that the Wife is awarded the following property as her sole and separate property and Husband is divested of _(loses)_ all right, title, interest and claim in and to that property. Husband is ORDERED to sign any deeds or documents needed to transfer any property listed below to the Wife. Wife is responsible for preparing the documents.

1. All property in Wife's care, custody or control, or in Husband's name, that this Decree does not give to the Husband.

2. House or land located at: _____

               _Street Address_      _City_      _State_      _Zip_

   Legal Description: _____

   _____

3. All cash and money in any bank or other financial institution listed in Wife's name alone.

4. Any insurance policy that covers Wife's life.

5. Wife's cars, trucks, motorcycles or other vehicles listed below:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|----------------------------------|
   | 2011 | Hyundai | 4D Elantra | KMHDH4AE0BU140116 |
   |      |         |            |                   |

6. Wife will also keep the following property: _____

   _____

   _____



**6E.** _Retirement Funds in Husband's Name_

> _(For example: pension, retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans, as well as individual retirement accounts (IRAs), annuities and variable annuity life insurance benefits.)_

The Court makes the following orders regarding retirement funds in Husband's name.

_(Check 6E(1) or 6E(2).)_

**6E(1)** ☒ Husband is awarded **100%** of all retirement funds in Husband's name alone, including but not limited to all rights to any pension, retirement, military retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans in Husband's name alone, along with 100% of any individual retirement accounts (IRAs), annuities, and variable annuity life insurance in Husband's name alone.

**6E(2)** ☐ The following retirement funds in Husband's name are divided between Husband and Wife:

> _(It is very important to list the exact name and account number of any retirement fund being divided by the Court.)_

| Formal Name of Retirement Fund | Account Number |
|---|---|
|  |  |
|  |  |
|  |  |

The Court **ORDERS** that the portion of each retirement fund listed above accrued between the date of the marriage _____/_____/_____ and the date this _Final Decree of Divorce_ is signed by the Court: _(Check one.)_

☐ is awarded **50%** to Husband and **50%** to Wife and as more specifically described in the _Qualified Domestic Relations Order_ signed by the Court.

☐ is awarded _____% to Husband and _____% to Wife and as more specifically described in the _Qualified Domestic Relations Order_ signed by the Court.

☐ is awarded $ _____ to Wife and the remainder to Husband and as more specifically described in the _Qualified Domestic Relations Order_ signed by the Court.

☐ other: _____

_____

_____

_____

_____

_____

_____

_____

The Court **ORDERS** that Husband is awarded all retirement funds in Husband's name alone that are not specifically awarded to Wife above.

The Court checks this box if applicable:

☐ A _Qualified Domestic Relations Order_ was signed by the Court on the same day this _Final Decree of Divorce_ was signed by the Court.



**6F.** *Retirement Funds in Wife's Name*

> *(For example: pension, retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans, as well as individual retirement accounts (IRAs), annuities and variable annuity life insurance benefits.)*

The Court makes the following orders regarding retirement funds in Wife's name.

*(Check 6F(1) or 6F(2).)*

6F(1)  ☒  Wife is awarded **100%** of all retirement funds in Wife's name alone, including all rights to any pension, retirement, military retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans in Wife's name alone, along with **100%** of any individual retirement accounts (IRAs), annuities, and variable annuity life insurance in Wife's name alone.

6F(2)  ☐  The following retirement funds in Wife's name are divided between Husband and Wife:

> *(It is very important to list the __exact__ name and account number of any retirement fund being divided by the Court.)*

| Formal Name of Retirement Fund | Account Number |
|---|---|
|  |  |
|  |  |
|  |  |

The Court **ORDERS** that the portion of each retirement fund listed above accrued between

the date of the marriage _____/_____/_____ and the date this *Final Decree of Divorce* is

signed by the Court: *(Check one.)*

☐  is awarded **50%** to Wife and **50%** to Husband and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐  is awarded _____% to Wife and _____% to Husband and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐  is awarded $ _____ to Husband and the remainder to Wife and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐  other: _____

_____

_____

_____

_____

_____

_____

_____

The Court **ORDERS** that Wife is awarded all retirement funds in Wife's name alone that are not specifically awarded to Husband above.

☒ The Court checks this box if applicable:

☐  A *Qualified Domestic Relations Order* was signed by the Court on the same day this *Final Decree of Divorce* was signed by the Court.

**6G.** *Debts to Husband*

The Court ORDERS Husband to pay the debts listed below:

1.  All debts, taxes, bills, liens, and other charges, past, present and future, that are in Husband's name alone unless this Decree requires otherwise.
2.  Any debt Husband incurred after separation. Date of separation: __8__ __16__ __14__ .
                                                 *Month* *Day* *Year*
3.  The balance due on any loan or mortgage for the real property (house or land) that this Decree gives to Husband alone.
4.  The balance due on any loan for any vehicles that this Decree gives to Husband alone.
5.  All other debts listed below, which are not in Husband's name alone: *(such as credit cards, student loans, medical bills, income taxes)*

_____

_____

_____

_____

**6H.** *Debts to Wife*

The Court ORDERS Wife to pay the debts listed below:

1.  All debts, taxes, bills, liens, and other charges, present and future, that are in Wife's name alone unless this Decree requires otherwise.
2.  Any debt Wife incurred after separation. Date of separation: __8__ __16__ __14__ .
                                               *Month* *Day* *Year*
3.  The balance due on any loan or mortgage for the real property that this Decree gives to Wife alone.
4.  The balance due on any loan for any vehicles that this Decree gives to Wife alone.
5.  All other debts listed below, which are not in Wife's name alone: *(such as credit cards, student loans, medical bills, income taxes)*

_____

_____

_____

_____

## 7. Muniment of Title

This Decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce. *(A "muniment of title" creates an official record of ownership transfer.)*

## 8. Name Change

The Court ORDERS the name of the: *(Check all boxes that apply.)*

☐  Husband changed back to a name used before marriage, as it appears below:

_____
*First*                          *Middle*                            *Last*

☒  Wife changed back to a name used before marriage, as it appears below:

Keri            Ann            LeBlanc
*First*                          *Middle*                            *Last*



## 9.  Court Costs

The costs of court shall be paid by the spouse who incurred them to the extent the party is required to pay such costs. A spouse who filed an *Affidavit of Indigency* that was not successfully contested is not required to pay court costs.

## 10. Other Orders

The court has the right to make other orders, if needed, to clarify or enforce the orders above.

## 11. Final Orders

Any orders requested that do not appear above are denied.  This Decree is a final judgment that disposes of all claims and all parties and is appealable.

_____3/25/2015_____
Date of Judgment

) ___Douglas Robison___
Judge's Signature
___Doug Robison___
Judge's Printed Name

**By signing below, the Petitioner agrees to the form and substance of this Final Decree of Divorce.**

___M Mankin___          972) 623 7971
Petitioner's Signature          Phone number
___Keli Ann Mankin___      3-18-15
Petitioner's Name (print)       Date
Mailing          1845 Chisolm Trl
Address:       Lewisville TX 75077

Email: _____

Fax#: _____
(if available)

**By signing below, the Respondent agrees to the form and substance of this Final Decree of Divorce.**

___Marshall Mankin___     972 623-7975
Respondent's Signature          Phone number
___MARSHALL MANKIN___     3-18-15
Respondent's Name (print)       Date
Mailing          7211 OAK ST
Address:       FRISCO TX 75034

Email: _____

Fax#: _____
(if available)

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
___3/25/15___   By _____
Date          Deputy Clerk

 **Prudential**     AUG 0 1 20..     The Prudential Insurance Company of America
Group Life Claim Division
PO Box 8517, Philadelphia, PA 19176
Tel (973) 548-5617  Fax (888) 227-6764

July 26, 2016

Daniel C. Durand, III                    Insured:  Marshall W. Mankin
522 Edmonds Ste 101                       Control Number:  G-8033
Lewisville, TX 75067                      Claim Number:  11630135

Dear Mr. Durand, III:

We have received a Group Life Insurance claim and Group Life Accidental Insurance
claim for Marshall W. Mankin.  Please accept our sincere condolences.  Unfortunately,
we are unable to render a benefit determination at this time.

As stated in our letters dated June 03, 2016 and July 06, 2016 we are required to make
payment in accordance with the most recent beneficiary designation executed by the
insured. In the event that there is no designated beneficiary or no designated beneficiary
who survives the insured, the insurance benefit is paid in accordance with the beneficiary
provision in the Group Policy.  This provision states that the insurance benefit is payable
to the first of the following surviving classes: (a) spouse; (b) child(ren) in equal shares;
(c) parents in equal shares; (d) siblings in equal shares; (e) estate.

We have received the information that your client was making a claim to the proceeds
and in view of that request, withheld payment to allow you time to present a legal basis
for your claim.  As of the date of this letter, we have not received any response.

As stated in our prior letters dated June 03, 2016 and July 06, 2016 Marshall Mankin had
Keri Mankin listed as beneficiary for the basic and optional coverages of both the life and
accidental policies. This policy is a non-ERISA case and falls under the state laws of
Texas, which is considered a revocation state. This means when Ms. Mankin and Mr.
Mankin were divorced in 2015, the designations on file with the policyholder were
revoked. Mr. Mankin would have needed to go back in the employee system and update
the beneficiary designations to Ms. Mankin for all of the Coverages on file. We went
back to the employer to see if he did this, and they confirmed that he did not update any
of the beneficiary designations on file. Both claims are therefore payable via Preferential
Beneficiary Statement to the next of kin of the insured based on the highest surviving
heirs.

Furthermore, we have received the letters of representation that were submitted and your
inquiry as to the why this policy is considered Non-ERISA. This client (City of Coppell)
is a government agency. By definition, a Non-ERISA case would be where plan sponsor
is governmental agency or entity (federal, state, county or municipal). Since we have just
recently received the letters of representation and your question as a courtesy to you and
your client Prudential will hold these funds for an additional 15 days from the date of this
letter for you to legally restrain us from releasing the proceeds to the highest surviving

**EXHIBIT D**

heirs of the insured.  If we do not hear from you by August 10, 2016, we will release the proceeds as written on the completed Preferential Beneficiary Statement on file.

We appreciate the opportunity to serve you.  If you have any questions or would like more information, please contact Customer Service at (800) 524-0542.  If you are calling from outside the United States, you can dial us directly at (215) 784-2823.  We are available Monday through Friday between 8:00 a.m. and 8:00 p.m. Eastern Time.

Sincerely,

Robert Wright
Claims Coordinator



*00003301300102D*

*CLE/Other Legal Publications*

See annotations to §§ 7.001–.002, supra.

## SUBCHAPTER D.   DISPOSITION OF UNDIVIDED BENEFICIAL INTEREST

### § 9.301.   Pre-Decree Designation of Ex-Spouse as Beneficiary of Life Insurance

(a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:

(1) the decree designates the insured's former spouse as the beneficiary;

(2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or

(3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

(b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

(c) An insurer who pays the proceeds of a life insurance policy issued by the insurer to the beneficiary under a designation that is not effective under Subsection (a) is liable for payment of the proceeds to the person or estate provided by Subsection (b) only if:

(1) before payment of the proceeds to the designated beneficiary, the insurer receives written notice at the home office of the insurer from an interested person that the designation is not effective under Subsection (a); and

(2) the insurer has not interpleaded the proceeds into the registry of a court of competent jurisdiction in accordance with the Texas Rules of Civil Procedure.

### Comment

This section attempted to correct an anomaly in Texas law regarding disposition of certain property rights in insurance policies. For example, formerly if a party was awarded an interest in a life insurance policy but did not change the designation of the ex-spouse as the beneficiary following the parties' divorce, the policy benefits would be paid to the ex-spouse on death of the insured. This was inconsistent with the Texas Probate Code rule that a beneficial designation of an ex-spouse in a will was voided by an intervening divorce. Except in rare cases, the former rule would result in an unintended disposition of benefits from a life insurance policy (a non-probate asset).

This section also deals with other forms of insurance to provide that the insurance protection is awarded to the party receiving the property unless the court otherwise expressly provides.

Unfortunately, the attempt at reform was only partially successful. The federal ERISA preempts state law governing insurance plans directly related to the employment of the insured. As the cases cited below demonstrate, the exact extent of preemption is a work in progress. Fortunately, a very substantial portion of insurance is not derived from employment, e.g., perhaps most life insurance and virtually all automobile and homeowners policies. In those instances the federal intervention into regulation of family law is inapplicable. Moreover, questions remain unanswered, such as whether a life insurance policy derived from employment may be awarded to the nonemployee spouse in the division of community property on divorce.

Of course, the employee ex-spouse may redesignate the former spouse as the beneficiary of life insurance following divorce, or the court may require the party to name the former spouse as a beneficiary or as trustee of the proceeds. The latter is often ordered to protect the interest of the children in their continued support.

*CLE/Other Legal Publications*

See annotations, § 7.004, supra.

EXHIBIT E

U.S. Supre

Egelhoff v
policies
empted
state st

Federal Co

Guardian
interest

Manning
named
comme
agreem

Clift v. Cl
the life
waiver

Brandon
redesi
langua

Texas Co

Barnett
benefi
desigr

Irwin v.
contes
policy

Tex. Pro

§ 9.302.

(a) If a
annuitant
retiremen
or other e
designati
(1) tl
(2) tl
renditic
(3) tl
for the
(b) If a
alternativ
(c) A b
pay retir
proceeds
Subsectic
if:

## U.S. Leading Cases

### U.S. Supreme Court

Egelhoff v. Egelhoff, 532 U.S. 141, 121 S.Ct. 1322 (2001) (former spouse took as beneficiary of life insurance policies and qualified pension plan governed by ERISA notwithstanding couple's divorce; ERISA pre-empted Washington state statute that would have removed former spouse as beneficiary, thus preempting state statute)

### Federal Courts

Guardian Life Ins. Co. v. Finch, 395 F.3d 238 (5th Cir. 2004) (notwithstanding *Egelhoff*, ex- wife's waiver of interest in life insurance policy under ERISA plan was enforceable under federal common law)

Manning v. Hayes, 212 F.3d 866 (5th Cir. 2000) (because ERISA pre-empted § 9.301, former spouse as named beneficiary took proceeds of life insurance policy acquired under ERISA plan; applying federal common law, court found that ex-spouse did not waive right to life insurance benefits in premarital agreement)

Clift v. Clift, 210 F.3d 268 (5th Cir. 2000) (Tex.) (award to husband *of* "any and all insurance policies insuring the life of Husband" sufficient to prevent wife from collecting proceeds under policy; language is valid waiver under ERISA)

Brandon v. Travelers Insurance Co., 18 F.3d 1321 (5th Cir. 1994) (Tex.) (although Texas statute requiring redesignation of ex-spouse as beneficiary on life insurance policy preempted by ERISA, divorce decree language was bona fide waiver of former wife's rights to proceeds), *cert. denied*, 115 S.Ct. 732 (1995)

### Texas Courts

Barnett v. Barnett, 67 S.W.3d 107 (Tex. 2001) (federal ERISA preempts Texas Family Code regarding beneficiary designation of life insurance obtained through employment; employee has absolute right *to* designate the beneficiary, notwithstanding fact that life insurance policy is community property)

Irwin v. Irwin, 307 S.W.3d 383 (Tex. App.—San Antonio 2009, writ denied) (executor had no standing to contest designation of decedent's *ex*-wife as beneficiary of Federal Employees Group Life Insurance policy, a non-probate asset)

### Cross Reference

TEX. PROB. CODE ANN. § 69. Voidness Arising from Divorce.

## § 9.302.  Pre-Decree Designation of Ex-Spouse as Beneficiary in Retirement Benefits and Other Financial Plans

(a) If a decree of divorce or annulment is rendered after a spouse, acting in the capacity of a participant, annuitant, or account holder, has designated the other spouse as a beneficiary under an individual retirement account, employee stock option plan, stock option, or other form of savings, bonus, profit-sharing, or other employer plan or financial plan of an employee or a participant in force at the time of rendition, the designating provision in the plan in favor of the other former spouse is not effective unless:

(1) the decree designates the other former spouse as the beneficiary;

(2) the designating former spouse redesignates the other former spouse as the beneficiary after rendition of the decree; or

(3) the other former spouse is designated to receive the proceeds or benefits in trust for, on behalf of, or for the benefit of a child or dependent of either former spouse.

(b) If a designation is not effective under Subsection (a), the benefits or proceeds are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the designating former spouse.

(c) A business entity, employer, pension trust, insurer, financial institution, or other person obligated to pay retirement benefits or proceeds of a financial plan covered by this section who pays the benefits or proceeds to the beneficiary under a designation of the other former spouse that is not effective under Subsection (a) is liable for payment of the benefits or proceeds to the person provided by Subsection (b) only if:

CAUSE NO. **16-06225-16**

| | | |
|---|---|---|
| Keri Ann Mankin | § | In the District Court |
| V | § | Denton County, Texas |
| The Prudential Insurance Company of | § | 16th Judicial District Court |
| America | | |

**Certificate of Cash in Lieu of Bond for Restraining Order &/or Injunction**

I, Sherri Adelstein, Clerk of the District Courts of Denton County, Texas, do hereby certify on 8/8/2016, Keri Ann Mankin, Applicant(s), deposited $100.00 cash in lieu of cost bond, as set by the Honorable Sherry Shipman, payable to Prudential Insurance Company of America, Defendant(s).

The bond is conditioned that the applicant will abide by the decision which may be made in this cause, and will pay to the Defendant all sums of money and costs that may be adjudged against him/her if the restraining order or temporary injunction shall be dissolved in whole or in part, as authorized by and in compliance with Rule 684 of the Texas Rules of Civil Procedure.

I agree to the terms and conditions of the Bond dated this 8th day of August, 2016.

_____
Signature of Applicant or Applicant's Attorney

This is verification of the signature of the applicant or applicant's attorney and acknowledgement of receipt of the money posted as a requirement for the issuance of the Temporary Restraining Order or Injunction on this the 8th day of August, 2016.

Sherri Adelstein
Denton County District Clerk
1450 E McKinney, Ste 1200
Denton TX 76209

By: _____
Rita Lassiter, Deputy Clerk III

# OFFICIAL RECEIPT



**Sherri Adelstein**
**Denton County District Clerk**
**1450 E McKinney St, Ste 1200,**
**Denton TX 76209**
**940-349-2200**

| | |
|---|---|
| Payor<br>Mankin, Keri Ann<br>1402 North Valley Pkwy., #1203<br>Lewisville, TX 75077 | Receipt No.<br>**2016-21009**<br><br>Transaction Date<br>08/10/2016 |

| Description | Amount Paid |
|---|---|

On Behalf Of  Mankin, Keri Ann
  16-06225-16
  Keri Ann Mankin V The Prudential Insurance Company of America
  Cash Bond

| | | |
|---|---|---|
| DC Registry Deposit | | 100.00 |
| **SUBTOTAL** | | **100.00** |
| | **PAYMENT TOTAL** | **100.00** |
| Credit Card (Ref #100141185911) Tendered | | 100.00 |
| Total Tendered | | **100.00** |
| Change | | 0.00 |

8/8/16 CNT

| 08/10/2016<br>11:30 AM | Cashier RLassiter<br>Station 15-00110 | Audit<br>12525336 |
|---|---|---|

# OFFICIAL RECEIPT

# Certified Payments

Denton County, TX District
Clerk CNT

**Bill To**
KERI MANKIN
.
75077

**Payment Information**

Card: ...9173 (Mastercard)

Exp Date: *hidden*

CVV2: *hidden*

Time: *8/8/2016 1:30:14 PM*

| Status | Payment ID | Type | Transaction | Reference # | Amount | Fee | Subtotal |
|--------|-----------|------|-------------|-------------|--------|-----|----------|
| success | 100141185911 | Payment | Bond Deposit | 16-06225-16 | 100.00 | 2.75 | $102.75 |
| | | | | Totals | $100.00 | $2.75 | **$102.75** |

Total Amount Charged to Card **$102.75**

Your payments were Successful.

NO. <u>16-06225-16</u>

| | | |
|---|---|---|
| KERI ANN MANKIN, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 16th JUDICIAL DISTRICT |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| OF AMERICA, | | |
| Defendant | | DENTON COUNTY, TEXAS |

### <u>ORDER</u>

KERI ANN MANKIN, Plaintiff in this cause, has filed an Original Petition for a temporary injunction and, in connection therewith, has presented a request for a temporary restraining order, as set forth in KERI ANN MANKIN's petition. It clearly appears from the facts set forth in KERI ANN MANKIN's verified petition and affidavit that unless The Prudential Insurance Company of America, Defendant, is immediately restrained from transferring or dispersing the proceeds of the life insurance policy of MARSHALL W. MANKIN to anyone other than Plaintiff it will commit the foregoing act(s) before notice can be given and a hearing is had on Plaintiff's motion for a temporary injunction; and that if the commission of these act(s) is not restrained immediately, KERI ANN MANKIN, Plaintiff, will suffer irreparable injury because the proceeds in the amount of $160,624.00 will be disbursed to someone other than Plaintiff and may then be irretrievably lost.

IT IS, THEREFORE, ORDERED that The Prudential Insurance Company of America, Defendant in this cause, be, and hereby is, commanded forthwith to desist and refrain from transferring or dispersing the proceeds of the life insurance policy of MARSHALL W. MANKIN to anyone other than Plaintiff from the date of entry of this order until and to the fourteenth day after entry or until further order of this Court.

IT IS FURTHER ORDERED that The Prudential Insurance Company of America,
Defendant, appear and: the petition of KERI ANN MANKIN, for temporary injunction be heard
before  Sherry Shipman  , Judge of the above-named Court, on
August 22 , 2016, at  1:30  o'clock, p .m., in the courtroom of the
16th  Denton County courthouse, Denton, 1450 E. McKinney Avenue, Denton County,
Texas 76209, then and there to show cause, if any there be, why a temporary injunction should
not be issued as requested by KERI ANN MANKIN, Plaintiff. The clerk of the court is hereby
directed to issue a show cause notice to The Prudential Insurance Company of America,
Defendant, to appear at the temporary injunction hearing.

The clerk of the above-entitled Court shall, forthwith, on the filing by KERI ANN
MANKIN, Plaintiff, of the bond hereinafter required, and on approving the same according to
the law, issue a temporary restraining order in conformity with the law and the terms of this
order.

This order shall not be effective unless and until KER ANN MANKIN, Plaintiff,
executes and files with the clerk a bond, in conformity with the law, in the amount of
One hundred ($ 100.00 ) dollars.

SIGNED this  8th  day of August, 2016, at  1:21  o'clock, P .m.



JUDGE PRESIDING

CERTIFIED A TRUE COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
9-8-16  By:_____ Deputy Clerk
Date

Order
Keri Ann Mankin v The Prudential Insurance Company of America
Cause No. _____

Page 2 of 2

FILED: 8/9/2016 12:58:52 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Heather Goheen, Deputy

**Denton County District Clerk**
**Ph: 940-349-2200**

# E-FILING REQUEST FOR ISSUANCE

- ❖ This document MUST be filed as a separate LEAD document when e-filing.
- ❖ Choose the **Filing code:**
  - o (New Suits select: "**Application**" and on Subsequent filings select "**Request**")
- ❖ Select the type of issuance using the "Optional Services" section on the e-filing screen
- ❖ If a service document is required, you must add the "Copies for Service" and enter the number of pages the clerk needs to print. (Ex: Petition is 5 pages, 3 citations are requested: 5 x 3 = 15 pages will need to printed by the clerk)

Cause No. 16-06225-16

**Document to be served:** Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages and Order

Style of Case: Keri Ann Mankin, Plaintiff v The Prudential Insurance of America, Defendant

## Please use this form when requesting issuance of the below listed types of issuance through the e-filing system.
*Please use other request forms for: Abstracts, Executions, Subpoenas and Order Withholdings*

## Please select the type  and quantity of issuance(s) needed:

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| Citation | $8 | 1 | Expunction Notices: Petition & Order | $11 | |
| Citation for Foreclosure | $46 | | Expunction Notices: Amended Petition | $5 | |
| Notice | $8 | 1 | Expunction Orders: Amended Orders | $8 | |
| Show Cause Notice | $8 | | Letter Rogatory | $8 | |
| Temporary Restraining Order | $8 | 1 | Commission | $8 | |
| Precept | $8 | | All Writs | $8 | |

**Note: PUBLICATION COSTS – If publication is requested in the Denton Record Chronicle, we will provide your contact information to the Denton Record Chronicle for billing.**

Name of party to be served: The Prudential Insurance of Amercia care of their registered agent,   Type: Process
Address for service: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136

Name of party to be served: _____   Type: _____
Address for service: _____

*Please attach additional pages if there are more parties to be served.*

## ******** Check one of the options below for your preferred service method ********
**Please hold at Clerks office:**

_____ I will bring in a file-marked copy of the service document to your office for the issuance to be picked up at the front counter.

_____ I request that the issuance be returned by e-service. (service document copy fee and service fee not required)
E-mail Address 1. diana@durandlaw.com    2._____

_____ Please serve by Denton County Constable/Sheriff  (I have added the cost for a copy of the service document and have also added the service fee for the Sheriff/Constable)

_____ Please serve by Certified Mail (I have added the cost for a copy of the service document and have also added the Certified Mail service fee.)

***Additional Notes:*** _____

Requestor Name & Phone number: Daniel C. Durand, III   972-221-5655

STATE OF TEXAS                                                    COUNTY OF DENTON

# CITATION
## CAUSE NO.  16-06225-16

**To: Prudential Insurance Company of America – c/o Registered Agent: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136, (or wherever he or she may be found)**

**Notice to Defendant/Respondent**: You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 16th Judicial District Court<br>1450 E. McKinney, 3rd Floor, Denton, TX 76209 |
| Cause No. | **16-06225-16** |
| Date of Filing: | 08/05/2016 |
| Document: | **Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages** |
| Parties in Suit: | Keri Ann Mankin; The Prudential Insurance Company of America |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Daniel C. Durand<br>522 South Edmonds Lane, Suite 101, Lewisville, TX 75067 |

Issued under my hand and seal of Court at office in Denton, Denton County, Texas on this the 9th day of August, 2016.

By: _____
Heather Goheen, Deputy

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____M. and executed on the _____ day of _____, 20____ at _____M., by delivering to the within named _____ in person a true copy of this citation and  Plaintiff's  Original  Petition  for  Temporary  Restraining  Order,  Injunction  and  Damages  at

_____.

Service Fees:  $_____              _____ Sheriff/Constable
Service ID No. _____              _____ County, Texas
                                           By: _____
                                           Deputy/Authorized Person

## VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____, 20__

_____
Notary Public

STATE OF TEXAS                                                    COUNTY OF DENTON

# NOTICE OF HEARING TO SHOW CAUSE
### CAUSE NO. 16-06225-16

**To: Prudential Insurance Company of America – c/o Registered Agent: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136, (or wherever he or she may be found)**

**Greetings**:

Whereas, Keri Ann Mankin in the County of Denton, State of Texas did on 08/05/2016 file in the 16th Judicial District Court, located at 1450 E. McKinney, 3rd Floor, Denton, Denton County, Texas, a(n)  Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages in Cause No. 16-06225-16 on the docket of said Court wherein, Keri Ann Mankin; The Prudential Insurance Company of America are parties to the suit and Keri Ann Mankin allege as per attached copy of  Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages .

And, whereas, the Honorable Sherry Shipman, Judge of said Court, has entered the following order; as per attached copy of Order.

And, whereas, the said Petition/Motion will be heard by the said Court at Denton, Texas at **1:30 PM on the 22nd day of August, 2016**.

These are, therefore, to require you to appear at the time and place as above stated and answer said Order, showing cause, if any you can, why same should not be granted.

Issued under my hand and seal of Court at office in Denton, Denton County, Texas 8/9/2016.

Sherri Adelstein, District Clerk
1450 E. McKinney, Suite 1200
Denton, Denton County, TX 76209

*Heather M. Goheen*
Heather Goheen, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____M. and executed on the _____ day of _____, 20____ at _____M., by delivering to the within named _____ in person a true copy of this Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages   and Order at _____.

Service Fees:  $_____                     _____ Sheriff/Constable
Service ID No. _____                     _____ County, Texas
                                                  By: _____
                                                         Deputy/Authorized Person

Verification *(must be completed if served outside of the State of Texas)*

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath:  Upon penalty or perjury, I attest the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of 18 years and I am not a party to or interested in the outcome of this suit.

Subscribed and sworn to before me on this the _____ day of _____, 20_____.

_____
Notary Public

STATE OF TEXAS                                                         COUNTY OF DENTON

## TEMPORARY RESTRAINING ORDER
### CAUSE NO. 16-06225-16

**To: Prudential Insurance Company of America – c/o Registered Agent: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136, (or wherever he or she may be found)**

Greetings:

     Whereas, Keri Ann Mankin, filed a(n)  Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages in the   16th Judicial District Court of Denton County, Texas on 08/05/2016 in suit number 16-06225-16 on the docket of said Court and styled Keri Ann Mankin V The Prudential Insurance Company of America  and appeared as per attached copy of Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages.

     And upon presentation of said Pleading and consideration thereof, the Honorable Sherry Shipman Judge of said Court, made the following order thereon:  the requirement for a bond having been posted or waived, you are therefore commanded to desist and refrain from: as per attached copy of Order until and pending the hearing of such Order before the Judge of said Court at **1:30 PM on the 22nd day of August, 2016** in the 16th Judicial District Court Courtroom, located at 1450 E. McKinney, 3rd Floor of the Courts Building of Denton County, in the City of Denton, Texas, when and where you will appear to show cause why injunction should not be granted upon such Petition/Application effective until Final Order/Decree in suit.

     Issued under my hand and seal of Court at office in Denton, Denton County, Texas on this the 9th day of August, 2016.

Sherri Adelstein, District Clerk
1450 E. McKinney, Suite 1200
Denton, Denton County, TX 76209

_Heather M. Goheen_
Heather Goheen, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____M. and executed on the _____ day of _____, 20____ at _____M., by delivering to the within named _____ in person a true copy of this Plaintiff's Original Petition for Temporary Restraining Order, Injunction and Damages and Order at _____   _____.

Service Fees: $_____                _____ Sheriff/Constable
Service ID No. _____                _____ County, Texas
                                         By: _____
                                                 Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20__

_____
Notary Public

FILED: 8/18/2016 11:32:06 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Joanna Price, Deputy

AFFIDAVIT OF SERVICE
CAUSE NO. 16-06225-16

KERRI ANN MANKIN                                                    IN THE DISTRICT COURT
Plaintiff,

V.                                                                 16th JUDICIAL DISTRICT

PRUDENTIAL INSURANCE COMPANIES                                     DENTON COUNTY, TEXAS
OF AMERICA
Defendant,

Documents: CITATION, PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY RESTRAINING ORDER, INJUNCTION AND
DAMAGES; NOTICE OF HEARING TO SHOW CAUSE; TEMPORARY RESTRAINING ORDER

Received on: AUGUST 9, 2016 at 5:25 p.m. the above documents to be delivered to:

PRUDENTIAL INSURANCE COMPANY OF AMERICA c/o Registered Agent: CT CORPORATION SYSTEMS,
1999 BRYAN ST., STE., 900, DALLAS, TEXAS 75201

I, Brian Bankowski, the undersigned, being duly sworn, depose and say, that I am duly authorized to make delivery
of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or
otherwise interested in this matter. Delivery of said documents were attempted in the following manner:

On AUGUST 9, 2016 at 5:25 p.m., I received a Citation, Notice of Hearing to Show Cause and Temporary Restraining
Order in the above numbered and entitled cause. I executed service on AUGUST 10, 2016 at 12:00 p.m., by
delivering to Prudential Insurance Companies of America by delivering to the registered agent, CT Corporation
Systems and handing to Terri A. Thongsavat as person authorized to accept a true copy of the Citation, Notice of
Hearing to Show Cause and Temporary Restraining Order and accompanying pleadings having first endorsed date
of delivery thereon at 1999 BRYAN ST., STE., 900, DALLAS, TEXAS 75201.

"I declare under penalties of perjury that the information contained herein is true and correct"

THE STATE OF Texas          §
COUNTY OF Denton            §
Subscribed and sworn to before me on the 16 day
of August , 2016 by the affiant who is                    Brian Bankowski; SCH #6817, EXP 5/31/2019
personally known to me.

Belinda Black
NOTARY PUBLIC

BELINDA MAYE BLACK
Notary Public, State of Texas
Comm. Expires 07-02-2018
Notary ID 125731118



NO. <u>16-06225-16</u>

| | | |
|---|---|---|
| KERI ANN MANKIN,<br>Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 16th JUDICIAL DISTRICT |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| OF AMERICA,<br>Defendant | | DENTON COUNTY, TEXAS |

## <u>ORDER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

The petition of KERI ANN MANKIN, Plaintiff in this cause, for a temporary injunction came on regularly for earing this day, due notice having been given. The parties appeared by their attorneys. On considering the evidence received and the argument of counsel, the Court finds and concludes that KERI ANN MANKIN, Plaintiff, will probably prevail on the trial of this cause; that PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, intends to transfer or disperse the proceeds of life insurance policy of MARSHALL W. MANKIN to someone other than Plaintiff as soon as possible and before the Court can render judgment in this cause; that if PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, carries out that intention, it will thereby alter the status quo and tend to make ineffectual a judgment in favor of KERI ANN MANKIN, in that Plaintiff would lose $160,624.00; and that unless PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, is deterred from carrying out that intention, KERI ANN MANKIN, Plaintiff, will be without any adequate remedy at law in that the proceeds would be dispersed to others and likely gone forever.

IT IS THEREFORE, ORDERED that PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, is commanded forthwith to desist and refrain from transferring or

dispersing the proceeds of the life insurance policy of MARSHALL W. MANKIN until judgment in this cause is rendered by this Court.

IT IS FURTHER ORDERED that trial on the merits of this cause is ordered set for October 14, _____, 2016, at 1:30 P.M.

IT IS FURTHER ORDERED that the PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant shall hold the proceeds of said policy and not disperse to anyone on or before said trial date.

This Order shall not be effective unless and until KERI ANN MANKIN, Plaintiff, executes and files with the clerk a bond, in conformity with the law, in the amount of One hundred dollars*/100 _____ dollars (\$ 100.00 ). The \$100.00 bond Posted for the Ex Parte TRO shall be transfered for these purposes The clerk shall forthwith, on the filing by KERI ANN MANKIN, Plaintiff, of the bond, and on approving the bond according to the law, issue a temporary injunction in conformity with the law and the terms of this Order.

SIGNED on August 22, 2016.

_____
JUDGE PRESIDING

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN

DENTON COUNTY CLERK

9-8-16
Date

By: _____
Deputy Clerk