FILED: 8/5/2016 4:04:07 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

16-06225-16

NO. _____

| | | |
|---|---|---|
| KERI ANN MANKIN, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| OF AMERICA, | | |
| Defendant | | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR
## TEMPORARY RESTRAINING ORDER, INJUNCTION AND DAMAGES

TO THE HONORABLE COURT:

Keri A. Mankin, Plaintiff, complains of The Prudential Insurance Company of America,

Defendant, and for cause of action shows:

### I.

1.     Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil

Procedure.

2.     Plaintiff is an individual resident of Texas, residing at 1402 North Valley

Parkway, #1203, Lewisville, Texas 75077.

3.     Defendant is a life insurance company duly authorized to engage in the insurance

business in Texas.  Citation may be served on Defendant's designated agent for

service of process at CT Corporation Systems, 1999 Bryan Street, Suite 900,

Dallas, Texas 75201-3136.

## II.

4.  The Plaintiff is the former spouse of decedent, Marshall W. Mankin, after 23 years of marriage. There were no children born of this marriage. A Final Decree of Divorce was entered on March 26, 2015 in Cause No. 14-06489-393 in Denton County, 393rd Judicial District Court. See attached Exhibit C. Decedent died on March 12, 2016.

5.  By virtue of his employment at the City of Coppell and Flower Mound, Decedent had a Prudential Group Life Insurance Policy, Control No. 6-8033, with a face value of $160,624.00 that was payable to Plaintiff prior to their divorce. Plaintiff has evidence that the Decedent intended to maintain her as the designated beneficiary by virtue of the attached email dated August 17, 2015. See attached Exhibit A and B.

## III.

The Defendant has refused to honor that expressed intention in reliance on the Decedent's failure to re-designate her after the divorce under Texas Family Code 9.301. See attached Exhibits D and E.

## IV.

The Defendant has threatened irreparable harm to the Plaintiff's property and rights by failing to pay her claim and threatening to distribute said proceeds to the Decedent's parents by August 10, 2016 unless retrained by a Court of law.

## V.

The Defendant's conduct is without right or entitlement in that it does not treat the statute

as merely a rebuttable presumption that the Decedent's parents should be the beneficiaries that can be overcome by evidence of Decedent's intention to the contrary that Plaintiff should be the beneficiary. See State Farm Life Ins. Co. v. Davis, 2008 WL 2326323 (D. Alaska 2008) (preponderance of evidence) and Allstate Life Ins. Co. v. Hanson, 200 F. Supp. 2nd 1012 (E.D. Wis. 2002) (Decedent merely had to perform some small affirmative act indicating his intent including informal acts). See attached Exhibit A.

## VI.

The Plaintiff has and will continue to be damaged and injured by the Defendant's conduct by not paying said proceeds to Plaintiff.

## VII.

For the reasons stated in this pleading, the Plaintiff requests that, after trial, this Court permanently enjoin the Defendant from paying the policy proceeds to anyone other than Plaintiff.

## VIII.

Defendant has said it will disburse funds to Decedent's parents on or after August 10, 2016 unless restrained by a Court of law. See attached Exhibit D. Time is of the essence. A temporary restraining order should be immediately issued without notice and a temporary injunction hearing set in the next fourteen (14) days so all parties can have an evidentiary hearing.

## IX.

In order to preserve the status quo and the property and rights of the Plaintiff during the

pendency of this action, Defendant should be cited to appear and show cause why it should not be temporarily restrained, during the pendency of this action, from distributing said proceeds to the Decedent's parents.

## PRAYER FOR RELIEF

For these reasons, Plaintiff requests that:

1.  A temporary restraining order be issued without notice to Defendant, restraining Defendant, its agents, servants, and employees, from directly or indirectly transferring or dispersing the proceeds of the insurance policy to anyone other than Plaintiff until further order by this Court.

2.  A temporary injunction be issued, after notice to Defendant and an evidentiary hearing, restraining Defendant, its agents, servants, and employees, directly or indirectly from transferring or dispersing the proceeds of the insurance policy to anyone other than Plaintiff until further order by this Court.

3.  A permanent injunction be issued, on final trial of this cause, enjoining Defendant, its agents, servants, and employees, from directly or indirectly transferring or dispersing the proceeds of the insurance policy to anyone other than Plaintiff until further order by this Court.

4.  Costs of suit including reasonable attorney's fees.

5.  Such other and further relief to which Plaintiff may be justly entitled, including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as allowed by law.

Respectfully submitted,

Durand & Associates, P.C.

By: _____

Daniel C. Durand, III
Texas Bar No. 06287570
522 South Edmonds Lane, Suite 101
Lewisville, Texas 75067
Tel. (972)221-5655
Fax. (972)221-5655
Attorney for Plaintiff

STATE OF TEXAS          §
                        §
COUNTY OF DENTON        §

BEFORE ME, the undersigned Notary Public, on this day personally appeared KERI ANN MANKIN, who, after being duly sworn, stated under oath that she is the Plaintiff in this action; that KERI ANN MANKIN has read the above petition; and that every statement contained the petition is within her personal knowledge and is true and correct.

_____
KERI ANN MANKIN

SUBSCRIBED AND SWORN TO BEFORE ME on the 5th day of August, 2016, to certify which witness my hand and official seal.

DIANA THERESA LEGGETT
Notary Public, State of Texas
My Commission Expires
October 26, 2019

_____
Diana Theresa Leggett
Notary Public in and for the
State of Texas
My commission expires

_____, _____

**Keri Mankin**

| | |
|---|---|
| **From:** | keri <keriann2@verizon.net> |
| **Sent:** | Tuesday, April 26, 2016 6:11 PM |
| **To:** | Keri Mankin |
| **Subject:** | Fwd: Re: Retirement and life ins |

-------- Forwarded Message --------

Subject:Re: Retirement and life ins
 Date:Sun, 17 Aug 2014 12:32:50 -0700
 From:wayne makin <stinkinpoots@yahoo.com>
  To:keriann2@verizon.net <keriann2@verizon.net>

You take after your mom. No worries there. Unless you don't go to the doctor like she doesn't

Sent from Yahoo Mail on Android

**From:** keriann2@verizon.net <keriann2@verizon.net>;
**To:** <stinkinpoots@yahoo.com>;
**Subject:** Re: Retirement and life ins
**Sent:** Sun, Aug 17, 2014 7:31:24 PM

Please, you'll probably outlive me anyway.  I'll be lucky to see 50 if I take after my dad.  7 more years, woot!

Sent from my Verizon 4G LTE Smartphone

------ Original message------
From: wayne makin
Date: Sun, Aug 17, 2014 2:25 PM
To: keriann2@verizon.net;
Subject:Re: Retirement and life ins

I think that's a really good idea. You deserve what i have when something happens to me

Sent from Yahoo Mail on Android

**From:** keriann2@verizon.net <keriann2@verizon.net>;
**To:** stinkinpoots@yahoo.com <stinkinpoots@yahoo.com>;
**Subject:** Retirement and life ins
**Sent:** Sun, Aug 17, 2014 7:18:11 PM

I would like to propose that we each keep the other as beneficiaries on our life insurance and retirement policies.  It would benefit both of us in the event something should happen to the other.  I think after half our lives together, the survivor deserves it.

Just let me know what you think.

Sent from my Verizon 4G LTE Smartphone

1

**EXHIBIT  A**

NO. _____

| KERI ANN MANKIN, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| OF AMERICA, | | |
| Defendant | | DENTON COUNTY, TEXAS |

| STATE OF TEXAS | § | |
| | § | |
| COUNTY OF DENTON | § | |

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PETITION, TEMPORARY RESTRAINING ORDER AND INJUNCTION

KERI ANN MANKIN, Plaintiff, being first duly sworn, deposes and states under oath the following:

1.    I am the Plaintiff in the above styled and numbered case.

2.    The attached statement is my position and statement of facts based upon my personal knowledge and belief and is incorporated herein for purposes of this Affidavit are true and correct.

3.    Further Affiant sayeth naught.

_____
KERI ANN MANKIN, Affiant

SWORN TO AND SUBSCRIBED in my presence by KERI ANN MANKIN this _____ day of August, 2016.

_____
Notary Public in and for the state of Texas

**EXHIBIT B**

To Whom It May Concern,

Regarding Marshall Wayne Mankin
TMRS Retirement and Prudential Life Insurance Accounts:

I felt the need to add this letter to my case for dispute as I think the human and personal side to things can get lost in the minutia sometimes. While I can somewhat understand the meaning of divorce as an end, it is not an end to a relationship, only to a marriage – and it does not always mean it ended in a hateful, spiteful war zone. Our history began when I was 18 and he was 20, by the time I was 21 and he was 23, we were coupled together and he was raising my one year old as his own. He was by my side in 1998 when I was diagnosed with a brain tumor, which is not an easy thing for anyone much less a young couple; and again in 2003 when I was diagnosed with Crohn's disease. We had a blissful 22 years – as anyone, family or friends, would readily agree. When Wayne turned 45, he hit a mid-life crisis and had great difficulties in dealing with his inner turmoil. He did things completely out of his character, and at times was even very cruel to me. We had our fights, as couples do. I never wanted a divorce, but in the end, I needed to find my dignity and regain my self-respect. We had a reasonably amicable divorce with no attorneys involved, but it was extremely painful and we lost everything. We had to file bankruptcy and sell our home of 12 years. We had to split up our 13 animals we had rescued over the years – something that was our passion and caused great heartbreak for the both of us. One thing we agreed on from the onset was to keep each other as beneficiaries on our retirement and insurance policies. We had spent more than half our lives together and wanted to know the other would be taken care of in the event of one of our demise. He particularly wanted to ensure I would be okay regarding my ongoing medical needs, expenses, and lifelong medications. Had either of us known our divorce would invalidate our designations, we certainly would've corrected our oversight, but that's not something that can be remedied after the fact. We are not wise in the world of law but we do have common sense – to us, once we designated a beneficiary, it was legal and binding - period. A policyholder has the right to choose a beneficiary regardless of relationship; if it is not changed it is because that is their expressed desire. Why name someone specifically if a company, or anyone for that matter, can decide to invalidate or go against the policyholder's request? It seems to deem the policyholder incapable of decision making and treats the chosen as if they had predeceased the owner of the policy. I see neither justice nor reasoning in that; much less ethics. Had we wanted to re-designate another party, we could – which was our interpretation of the statement in the divorce decree giving each 100% control over our own retirement and insurance accounts. Meaning to us, with Texas being a community property state, we would each have the option of changing our beneficiaries and other portions of our policies without the permission of the other party. Since it was our intent to see to it the other was taken care of (as neither of us remarried and there were no children other than my daughter, whom he raised for 23 years) we left the beneficiary designations as originally listed. Had the tables been turned, I would hate to know he were going through this trouble to gain access to what we had expressly wished for the survivor to have. Not every divorce ends in hate but unfortunately, sometimes a marriage cannot survive no matter the amount of love. I loved him even through the bad and I will love him until my last breath. I grieved for him when he began his crisis, I grieved him when he moved out and our marriage officially ended. And I am grieving him again in this final tragic loss. Please understand our intentions and do not punish me because we were not privy to certain little known (and well hidden) rules and regulations, especially given that we cannot correct our errors now. Because we could not afford an attorney to oversee our divorce proceedings, I am now very aware of the mistakes and oversights in the

entire process, again, things we cannot change after the fact. It's an extremely harsh lesson to learn and one I will certainly never forget. I would not be "taking" this money from anyone. There is no other spouse, there are no other children. I'm simply a fairly recent ex-wife, who honestly feels more like a grieving widow, who is pleading for the right thing to be done. This was a life built together over 23 years, divorce may have ended the prospect of a future together but it does not negate the past lifetime made. Nor does it change our mutual desire to see the survivor was taken care of in the event of one of our passing. It simply meant we could not live together anymore. Please grant me as valid beneficiary to the estate of Marshall Wayne Mankin, per his wishes; he wanted to know I would be taken care of if he left this world before me. I know law is open to interpretation and therefore each case should be considered with the personal story behind the events leading to this point in time. I appreciate your time and consideration to my case.

Very Respectfully,

Keri Ann Mankin

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

Cause Number: _14-06489-393_

FILED
2015 MAR 25 AM 9:25
SHERRI ADELSTEIN
DISTRICT CLERK DENTON CO., TX
BY_____DEPUTY

IN THE MATTER OF THE MARRIAGE OF

Petitioner: _Keri Ann Mankin_
*Print first, middle and last name of the spouse filing for divorce.*

And

Respondent: _Marshall Wayne Mankin_
*Print first, middle and last name of other spouse.*

In the _393 rd_ DISTRICT
*(Court Number)*

☒ District Court
☐ County Court at Law

_Denton_ County, Texas

# Final Decree of Divorce

A hearing took place on _3/25/2015_
*Date*

There was no jury. Neither the husband nor wife asked for a jury.

## 1. Appearances

*Petitioner*

The Petitioner's name is: _Keri_ _Ann_ _Mankin_
First    Middle    Last

The Petitioner is the: *(Check one box.)* ☐ Husband. ☒ Wife.

*(Check one box.)*

☐ The Petitioner **was present**, representing him/herself, and announced ready for trial.

☒ The Petitioner **was present**, representing him/herself, and agreed to the terms of this Final Decree of Divorce (called "Decree throughout this document").

☐ The Petitioner **was not present** but has signed on page 8 agreeing to the terms of this Decree.

*Respondent*

The Respondent's name is: _Marshall_ _Wayne_ _Mankin_
First    Middle    Last

The Respondent is the: *(Check one box.)* ☒ Husband. ☐ Wife.

*(Check one box.)*

☐ The Respondent **was present**, representing him/herself, and announced ready for trial.

☐ The Respondent **was present**, representing him/herself, and agreed to the terms of this Decree.

☒ The Respondent was **not present**, but filed an Answer or Waiver of Service and has signed on page 8 agreeing to the terms of this Decree.

☐ The Respondent was **not present**, but filed a Global Waiver that waived Respondent's right to notice of this hearing and did not otherwise appear.

☐ The Respondent was **not present**, but was served and has defaulted. The Petitioner has filed a Certificate of Last Known Address and a Military Status Affidavit.

## 2. Record *(The Court fills out this section.)*

☐ A Court reporter recorded today's hearing.

☒ A Court reporter did not record today's hearing because the parties agreed not to make a record.

☐ A Statement of the Evidence was signed by the Court.

EXHIBIT _C_

### 3. Jurisdiction

The Court heard evidence and finds that it has jurisdiction over this case and the parties, that the residency and notice requirements have been met, and the *Petition for Divorce* meets all legal requirements. The Court futher finds that: *(Check one box.)*

☒ it has been at least 60 days since the *Petition for Divorce* was filed.

☐ the 60 day waiting period is not required because: *(Check one box.)*

    ☐ Petitioner has an active Protective Order under Title 4 of the Texas Family Code, or an active magistrate's order for emergency protection under Article 17.292 of the Texas Code of Criminal Procedure against Respondent because Respondent committed family violence during the marriage.

    ☐ Respondent has a final conviction or has received deferred adjudication for a crime involving family violence against Petitioner or a member of Petitioner's household.

### 4. Divorce

IT IS ORDERED that the Petitioner and the Respondent are divorced.

### 5. Children

#### 5a. No Children Together

The Court finds that the Husband and Wife **do not** have any biological or adopted children together, who are under 18 years old **or** over 18 years old and still in high school.

#### 5b. Wife Not Pregnant

The Court finds that the Wife **is not** pregnant.

#### 5c. Did the Wife have a Child with Another Man while Married to the Husband?

*(Check one box.)*

☒ The Court finds that the Wife **did not** have children with another man while married to the Husband.

☐ The Court finds that the Wife **did** have a child/children with another man while married to the Husband. All of the children born during the marriage that are not the husband's adopted or biological children are named below:

| | Child's name | Sex | Date of Birth |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

*If the Wife had a child with another man while married to the husband*, check one box below and attach copy of court order or Acknowledgement and Denial of Paternity for *each* child.

The Court further finds that paternity of each child listed above has been established,

☐ A court order has established that another man is the biological father and/or the Husband is not the biological father of the child/ren listed above. A copy of the court order is attached to this Decree as Exhibit ____.

☐ An *Acknowledgement of Paternity* was signed by the biological father **and** a *Denial of Paternity* was signed by the Husband for the child/ren listed above. A copy of each *Acknowledgment* and *Denial of Paternity* is attached to this Decree as Exhibit(s) _____.

## 6. Property and Debt  *(Fill in all lines. If there is no property to declare in a particular category, write "none".)*

The Court finds that the following is a just and right division of the parties' property and debt.

### 6A. *Husband's Separate Property*

The Court confirms that the Husband owns the following property as his separate property:

1. **House or Land** located at: _____

           *Street Address*      *City*      *State*      *Zip*

   ☐ Husband owned this property before marriage.
   ☐ Husband received this property as a gift or inheritance.

2. **Cars, trucks, motorcycles or other vehicles**  Husband owned these vehicles *before* marriage or received them as a gift or inheritance during the marriage:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|----------------------------------|
   |      |      |       |                                  |
   |      |      |       |                                  |

3. **Other Money or Property Confirmed as Husband's Separate Property**

   Husband owned the following money or personal property *before* the marriage: _____

   Husband inherited or received as a gift the following money or personal property *during* the marriage:

   _____

   Husband received the following money recovery for personal injuries that occurred during the marriage that is not for lost wages or medical expenses: _____

### 6B. *Husband's Community Property*

The Court ORDERS that the Husband is awarded the following community property as his sole and separate property and Wife is divested of *(loses)* all right, title, interest and claim in and to that property. Wife is ORDERED to sign any deeds or documents needed to transfer any property listed below to the Husband.  Husband is responsible for preparing the documents.

1. All property in Husband's care, custody or control, or in Husband's name, that this Decree does not give to the Wife.

2. House or land located at: _____

           *Street Address*      *City*      *State*      *Zip*

   Legal Description: _____

3. All cash and money in any bank or other financial institution listed in Husband's name alone.

4. Any insurance policy that covers Husband's life.

5. Husband's cars, trucks, motorcycles or other vehicles listed below:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|----------------------------------|
   | 2010 | Honda | 4D Civic | 2NGFA1F9XAH531448 |

6. Husband will also keep the following property: _____

   _____



### 6C. *Wife's Separate Property*

The Court confirms that Wife owns the following property as her separate property:

1. **House or Land** located at: _____

           *Street Address*         *City*         *State*         *Zip*

   ☐ Wife owned this property before marriage.
   ☐ Wife received this property as a gift or inheritance.

2. **Cars, trucks, motorcycles or other vehicles** Wife owned these vehicles *before* marriage or received them as a gift or inheritance during the marriage:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|---------------------------------|
   |      |      |       |                                 |
   |      |      |       |                                 |

3. **Other Money or Property Confirmed as Wife's Separate Property**

   Wife owned the following money or personal property *before* the marriage: _____

   _____

   Wife inherited or received as a gift the following money or personal property *during* the marriage:

   _____

   Wife received the following money recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses: _____

   _____

### 6D. *Wife's Community Property*

The Court ORDERS that the Wife is awarded the following property as her sole and separate property and Husband is divested of *(loses)* all right, title, interest and claim in and to that property. Husband is ORDERED to sign any deeds or documents needed to transfer any property listed below to the Wife. Wife is responsible for preparing the documents.

1. All property in Wife's care, custody or control, or in Husband's name, that this Decree does not give to the Husband.

2. House or land located at: _____

           *Street Address*         *City*       *State*       *Zip*

   Legal Description: _____

   _____

3. All cash and money in any bank or other financial institution listed in Wife's name alone.

4. Any insurance policy that covers Wife's life.

5. Wife's cars, trucks, motorcycles or other vehicles listed below:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|---------------------------------|
   | 2011 | Hyundai | 4D Elantra | KMHDH4AE0BU140116 |
   |      |      |       |                                 |

6. Wife will also keep the following property: _____

   _____

   _____



### 6E. *Retirement Funds in Husband's Name*

*(For example: pension, retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans, as well as individual retirement accounts (IRAs), annuities and variable annuity life insurance benefits.)*

The Court makes the following orders regarding retirement funds in Husband's name.

*(Check 6E(1) or 6E(2).)*

6E(1) ☒ Husband is awarded **100%** of all retirement funds in Husband's name alone, including but not limited to all rights to any pension, retirement, military retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans in Husband's name alone, along with 100% of any individual retirement accounts (IRAs), annuities, and variable annuity life insurance in Husband's name alone.

6E(2) ☐ The following retirement funds in Husband's name are divided between Husband and Wife:

*(It is very important to list the exact name and account number of any retirement fund being divided by the Court.)*

| Formal Name of Retirement Fund | Account Number |
|---|---|
|  |  |
|  |  |
|  |  |

The Court **ORDERS** that the portion of each retirement fund listed above accrued between

the date of the marriage _____/_____/_____ and the date this *Final Decree of Divorce* is

signed by the Court: *(Check one.)*

☐ is awarded **50%** to Husband and **50%** to Wife and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐ is awarded _____% to Husband and _____% to Wife and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐ is awarded $ _____ to Wife and the remainder to Husband and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐ other: _____

_____

_____

_____

_____

_____

_____

_____

The Court **ORDERS** that Husband is awarded all retirement funds in Husband's name alone that are not specifically awarded to Wife above.

**The Court checks this box if applicable.**

☐ A *Qualified Domestic Relations Order* was signed by the Court on the same day this *Final Decree of Divorce* was signed by the Court.



**6F.** *Retirement Funds in Wife's Name*

> *(For example: pension, retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans, as well as individual retirement accounts (IRAs), annuities and variable annuity life insurance benefits.)*

The Court makes the following orders regarding retirement funds in Wife's name.

*(Check 6F(1) or 6F(2).)*

6F(1) ☒ Wife is awarded **100%** of all retirement funds in Wife's name alone, including all rights to any pension, retirement, military retirement, 401(k), 403(b), employee stock ownership, profit sharing, thrift, Keogh, and stock option plans in Wife's name alone, along with 100% of any individual retirement accounts (IRAs), annuities, and variable annuity life insurance in Wife's name alone.

6F(2) ☐ The following retirement funds in Wife's name are divided between Husband and Wife:

> *(It is very important to list the exact name and account number of any retirement fund being divided by the Court.)*

| Formal Name of Retirement Fund | Account Number |
|---|---|
|  |  |
|  |  |
|  |  |

The Court **ORDERS** that the portion of each retirement fund listed above accrued between the date of the marriage _____/_____/_____ and the date this *Final Decree of Divorce* is signed by the Court: *(Check one.)*

☐ is awarded **50%** to Wife and **50%** to Husband and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐ is awarded _____% to Wife and _____% to Husband and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐ is awarded $ _____ to Husband and the remainder to Wife and as more specifically described in the *Qualified Domestic Relations Order* signed by the Court.

☐ other: _____

_____

_____

_____

_____

_____

_____

The Court **ORDERS** that Wife is awarded all retirement funds in Wife's name alone that are not specifically awarded to Husband above.

▓▓▓ If the Court checks this box, it applies. ▓▓▓

☐ A *Qualified Domestic Relations Order* was signed by the Court on the same day this *Final Decree of Divorce* was signed by the Court.

### 6G. *Debts to Husband*

The Court ORDERS Husband to pay the debts listed below:

1. All debts, taxes, bills, liens, and other charges, past, present and future, that are in Husband's name alone unless this Decree requires otherwise.
2. Any debt Husband incurred after separation. Date of separation: <u>8</u> <u>16</u> <u>14</u> .
   <span style="font-size:smaller">                 Month  Day  Year</span>
3. The balance due on any loan or mortgage for the real property (house or land) that this Decree gives to Husband alone.
4. The balance due on any loan for any vehicles that this Decree gives to Husband alone.
5. All other debts listed below, which are not in Husband's name alone: *(such as credit cards, student loans, medical bills, income taxes)*

 

### 6H. *Debts to Wife*

The Court ORDERS Wife to pay the debts listed below:

1. All debts, taxes, bills, liens, and other charges, past, present and future, that are in Wife's name alone unless this Decree requires otherwise.
2. Any debt Wife incurred after separation. Date of separation: <u>8</u> <u>16</u> <u>14</u> .
   <span style="font-size:smaller">                 Month  Day  Year</span>
3. The balance due on any loan or mortgage for the real property that this Decree gives to Wife alone.
4. The balance due on any loan for any vehicles that this Decree gives to Wife alone.
5. All other debts listed below, which are not in Wife's name alone: *(such as credit cards, student loans, medical bills, income taxes)*

 

## 7. Muniment of Title

This Decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce. *(A "muniment of title" creates an official record of ownership transfer.)*

## 8. Name Change

The Court ORDERS the name of the: *(Check all boxes that apply.)*

☐ Husband changed back to a name used before marriage, as it appears below:

_____ _____ _____
*First*                               *Middle*                         *Last*

☒ Wife changed back to a name used before marriage, as it appears below:

<u>Keri</u>           <u>Ann</u>           <u>LeBlanc</u>
*First*                              *Middle*                         *Last*

© TexasLawHelp.org, *Final Decree of Divorce – SET A*, July 2014



## 9. Court Costs

The costs of court shall be paid by the spouse who incurred them to the extent the party is required to pay such costs. A spouse who filed an *Affidavit of Indigency* that was not successfully contested is not required to pay court costs.

## 10. Other Orders

The court has the right to make other orders, if needed, to clarify or enforce the orders above.

## 11. Final Orders

Any orders requested that do not appear above are denied. This Decree is a final judgment that disposes of all claims and all parties and is appealable.

_3/25/2015_
**Date of Judgment**

_Douglas Robison_
**Judge's Signature**

_Doug Robison_
**Judge's Printed Name**

**By signing below, the Petitioner agrees to the form and substance of this Final Decree of Divorce.**

_M Mankin_    972) 623 7971
**Petitioner's Signature**    **Phone number**

_Keli Ann Mankin_    3-18-15
**Petitioner's Name (print)**    **Date**

Mailing   _1845 Chisolm Trl_
Address:   _Lewisville TX 75077_

Email: _____

Fax#: _____
(if available)

**By signing below, the Respondent agrees to the form and substance of this Final Decree of Divorce.**

_Marshall Mankin_    972 623-7975
**Respondent's Signature**    **Phone number**

_MARSHALL MANKIN_    3-18-15
**Respondent's Name (print)**    **Date**

Mailing   _7211 OAK ST_
Address:   _FRISCO TX 75034_

Email: _____

Fax#: _____
(if available)

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE

SHERRI ADELSTEIN
DENTON COUNTY CLERK

_3/25/15_
Date    By _____
Deputy Clerk

 **Prudential**     AUG 0 1 20··

**The Prudential Insurance Company of America**
Group Life Claim Division
PO Box 8517, Philadelphia, PA 19176
Tel (973) 548-5617 Fax (888) 227-6764

Daniel C. Durand, III
522 Edmonds Ste 101
Lewisville, TX 75067

July 26, 2016
Insured:  Marshall W. Mankin
Control Number:  G-8033
Claim Number:  11630135

Dear Mr. Durand, III:

We have received a Group Life Insurance claim and Group Life Accidental Insurance claim for Marshall W. Mankin. Please accept our sincere condolences. Unfortunately, we are unable to render a benefit determination at this time.

As stated in our letters dated June 03, 2016 and July 06, 2016 we are required to make payment in accordance with the most recent beneficiary designation executed by the insured. In the event that there is no designated beneficiary or no designated beneficiary who survives the insured, the insurance benefit is paid in accordance with the beneficiary provision in the Group Policy. This provision states that the insurance benefit is payable to the first of the following surviving classes: (a) spouse; (b) child(ren) in equal shares; (c) parents in equal shares; (d) siblings in equal shares; (e) estate.

We have received the information that your client was making a claim to the proceeds and in view of that request, withheld payment to allow you time to present a legal basis for your claim. As of the date of this letter, we have not received any response.

As stated in our prior letters dated June 03, 2016 and July 06, 2016 Marshall Mankin had Keri Mankin listed as beneficiary for the basic and optional coverages of both the life and accidental policies. This policy is a non-ERISA case and falls under the state laws of Texas, which is considered a revocation state. This means when Ms. Mankin and Mr. Mankin were divorced in 2015, the designations on file with the policyholder were revoked. Mr. Mankin would have needed to go back in the employee system and update the beneficiary designations to Ms. Mankin for all of the Coverages on file. We went back to the employer to see if he did this, and they confirmed that he did not update any of the beneficiary designations on file. Both claims are therefore payable via Preferential Beneficiary Statement to the next of kin of the insured based on the highest surviving heirs.

Furthermore, we have received the letters of representation that were submitted and your inquiry as to the why this policy is considered Non-ERISA. This client (City of Coppell) is a government agency. By definition, a Non-ERISA case would be where plan sponsor is governmental agency or entity (federal, state, county or municipal). Since we have just recently received the letters of representation and your question as a courtesy to you and your client Prudential will hold these funds for an additional 15 days from the date of this letter for you to legally restrain us from releasing the proceeds to the highest surviving

**EXHIBIT** D

heirs of the insured.  If we do not hear from you by August 10, 2016 we will release the proceeds as written on the completed Preferential Beneficiary Statement on file.

We appreciate the opportunity to serve you.  If you have any questions or would like more information, please contact Customer Service at (800) 524-0542.  If you are calling from outside the United States, you can dial us directly at (215) 784-2823.  We are available Monday through Friday between 8:00 a.m. and 8:00 p.m. Eastern Time.

Sincerely,

Robert Wright
Claims Coordinator

*CLE/Other Legal Publications*

*See* annotations to §§ 7.001–.002, *supra.*

## SUBCHAPTER D.    DISPOSITION OF UNDIVIDED BENEFICIAL INTEREST

### § 9.301.    Pre-Decree Designation of Ex-Spouse as Beneficiary of Life Insurance

(a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:

(1) the decree designates the insured's former spouse as the beneficiary;

(2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or

(3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

(b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

(c) An insurer who pays the proceeds of a life insurance policy issued by the insurer to the beneficiary under a designation that is not effective under Subsection (a) is liable for payment of the proceeds to the person or estate provided by Subsection (b) only if:

(1) before payment of the proceeds to the designated beneficiary, the insurer receives written notice at the home office of the insurer from an interested person that the designation is not effective under Subsection (a); and

(2) the insurer has not interpleaded the proceeds into the registry of a court of competent jurisdiction in accordance with the Texas Rules of Civil Procedure.

### Comment

This section attempted to correct an anomaly in Texas law regarding disposition of certain property rights in insurance policies. For example, formerly if a party was awarded an interest in a life insurance policy but did not change the designation of the ex-spouse as the beneficiary following the parties' divorce, the policy benefits would be paid to the ex-spouse on death of the insured. This was inconsistent with the Texas Probate Code rule that a beneficial designation of an ex-spouse in a will was voided by an intervening divorce. Except in rare cases, the former rule would result in an unintended disposition of benefits from a life insurance policy (a non-probate asset).

This section also deals with other forms of insurance to provide that the insurance protection is awarded to the party receiving the property unless the court otherwise expressly provides.

Unfortunately, the attempt at reform was only partially successful. The federal ERISA preempts state law governing insurance plans directly related to the employment of the insured. As the cases cited below demonstrate, the exact extent of preemption is a work in progress. Fortunately, a very substantial portion of insurance is not derived from employment, e.g., perhaps most life insurance and virtually all automobile and homeowners policies. In those instances the federal intervention into regulation of family law is inapplicable. Moreover, questions remain unanswered, such as whether a life insurance policy derived from employment may be awarded to the nonemployee spouse in the division of community property on divorce.

Of course, the employee ex-spouse may redesignate the former spouse as the beneficiary of life insurance following divorce, or the court may require the party to name the former spouse as a beneficiary or as trustee of the proceeds. The latter is often ordered to protect the interest of the children in their continued support.

### CLE/Other Legal Publications

*See* annotations, § 7.004, *supra.*

EXHIBIT E

U.S. Supre

Egelhoff v
policies
empted
state st

Federal Co

Guardian
interest

Manning
named
commo
agreem

Clift v. Cl
the life
waiver

Brandon
redesig
langua

Texas Cou

Barnett
benefi
desigr

Irwin v.
contes
policy

Tex. Pro

§ 9.302.

(a) If a
annuitant
retiremen
or other e
designati
(1) tl
(2) tl
renditic
(3) tl
for the
(b) If a
alternativ
(c) A b
pay retir
proceeds
Subsectic
if:

## U.S. Leading Cases

**U.S. Supreme Court**

Egelhoff v. Egelhoff, 532 U.S. 141, 121 S.Ct. 1322 (2001) (former spouse took as beneficiary of life insurance policies and qualified pension plan governed by ERISA notwithstanding couple's divorce; ERISA pre-empted Washington state statute that would have removed former spouse as beneficiary, thus preempting state statute)

**Federal Courts**

Guardian Life Ins. Co. v. Finch, 395 F.3d 238 (5th Cir. 2004) (notwithstanding *Egelhoff*, ex- wife's waiver of interest in life insurance policy under ERISA plan was enforceable under federal common law)

Manning v. Hayes, 212 F.3d 866 (5th Cir. 2000) (because ERISA pre-empted § 9.301, former spouse as named beneficiary took proceeds of life insurance policy acquired under ERISA plan; applying federal common law, court found that ex-spouse did not waive right to life insurance benefits in premarital agreement)

Clift v. Clift, 210 F.3d 268 (5th Cir. 2000) (Tex.) (award to husband *of* "any and all insurance policies insuring the life of Husband" sufficient to prevent wife from collecting proceeds under policy; language is valid waiver under ERISA)

Brandon v. Travelers Insurance Co., 18 F.3d 1321 (5th Cir. 1994) (Tex.) (although Texas statute requiring redesignation of ex-spouse as beneficiary on life insurance policy preempted by ERISA, divorce decree language was bona fide waiver of former wife's rights to proceeds), *cert. denied*, 115 S.Ct. 732 (1995)

**Texas Courts**

Barnett v. Barnett, 67 S.W.3d 107 (Tex. 2001) (federal ERISA preempts Texas Family Code regarding beneficiary designation of life insurance obtained through employment; employee has absolute right to designate the beneficiary, notwithstanding fact that life insurance policy is community property)

Irwin v. Irwin, 307 S.W.3d 383 (Tex. App.—San Antonio 2009, writ denied) (executor had no standing to contest designation of decedent's ex-wife as beneficiary of Federal Employees Group Life Insurance policy, a non-probate asset)

### Cross Reference

TEX. PROB. CODE ANN. § 69. Voidness Arising from Divorce.

---

### § 9.302. Pre-Decree Designation of Ex-Spouse as Beneficiary in Retirement Benefits and Other Financial Plans

(a) If a decree of divorce or annulment is rendered after a spouse, acting in the capacity of a participant, annuitant, or account holder, has designated the other spouse as a beneficiary under an individual retirement account, employee stock option plan, stock option, or other form of savings, bonus, profit-sharing, or other employer plan or financial plan of an employee or a participant in force at the time of rendition, the designating provision in the plan in favor of the other former spouse is not effective unless:

(1) the decree designates the other former spouse as the beneficiary;

(2) the designating former spouse redesignates the other former spouse as the beneficiary after rendition of the decree; or

(3) the other former spouse is designated to receive the proceeds or benefits in trust for, on behalf of, or for the benefit of a child or dependent of either former spouse.

(b) If a designation is not effective under Subsection (a), the benefits or proceeds are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the designating former spouse.

(c) A business entity, employer, pension trust, insurer, financial institution, or other person obligated to pay retirement benefits or proceeds of a financial plan covered by this section who pays the benefits or proceeds to the beneficiary under a designation of the other former spouse that is not effective under Subsection (a) is liable for payment of the benefits or proceeds to the person provided by Subsection (b) only if:

141